# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE STATE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BARRY HALAJIAN, et al.,<br><br>Defendants. | Case No.  1:14-cv-00531-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF ACTION AGAINST DEFENDANT HALAJIAN WITHOUT PREJUDICE AND ENTERING FINAL JUDGMENT IN FAVOR OF DEFENDANTS UNINSURED EMPLOYERS BENEFITS TRUST FUND AND CHRISTINE BAKER<br><br>(ECF No. 35, 38) |

Plaintiff Granite State Insurance Company ("Granite State") filed this diversity action seeking declaratory relief on April 15, 2014.  Currently before the Court is Plaintiff's motion to dismiss and for an order directing entry of final judgment as to Defendants Uninsured Employers Benefits Trust Fund ("UEBTF") and Christine Baker.

The Court heard oral arguments on November 5, 2014.  (ECF No. 37.)  Counsel James P. Wagoner appeared telephonically for Plaintiff, and counsel Nora Kawar appeared telephonically for Defendant Halajian.  Id.  Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, arguments presented at the November 5, 2014 hearing, as well as the Court's file, the Court issues the following order.

///

///

1

# I.

# PROCEDURAL HISTORY

On April 15, 2014, Plaintiff Granite State filed this action against Defendants Barry Halajian, UEBTF, and Christine Baker.  (ECF No. 1.)  Defendants UEBTF and Baker filed a motion to dismiss on May 23, 2014.[1]  (ECF No. 7.)  An order was filed on July 31, 2014 finding that the UEBTF was entitled to immunity under the Eleventh Amendment and granting Defendants UEBTF and Baker's motion to dismiss.  (ECF No. 27.)  On October 8, 2014, Plaintiff filed a motion to dismiss the action without prejudice or in the alternative to enter final judgment as to Defendants UEBTF and Baker.  (ECF No. 35.)  No opposition to the motion has been filed.  Following the hearing, on November 7, 2014, Plaintiff filed a memorandum requesting both dismissal without prejudice and entry of final judgment against Defendants UEBTF and Baker.  (ECF No. 38.)

# II.

# LEGAL STANDARD

Rule 41(a) of the Federal Rules of Civil Procedure provides that after the opposing party files an answer or motion for summary judgment "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court.  Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982).  A count should grant a motion for voluntary dismissal unless the defendant can show that he will suffer some legal prejudice as a result.  Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument."  Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996).  A defendant does not suffer plain legal prejudice simply because he will face the prospect of a second lawsuit or where the plaintiff merely gains some technical advantage.  Hamilton, 679

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge.  (ECF Nos. 12, 13, 16, 17.)

1   F.2d at 145.   Factors to be considered in deciding whether the defendant will suffer legal

2   prejudice are:

3       (1) The defendant's effort and expense involved in preparing for trial;
        (2) Excessive delay and lack of diligence on the part of the plaintiff in prosecuting
4       the action;
        (3) Insufficient explanation of the need to take a dismissal; and
5       (4) The fact that summary judgment has been filed by the defendant.

6   United States v. Berg, 190 F.R.D. 539, 543 (E.D. Cal. 1999).

7                                    **III.**

8                                **DISCUSSION**

9       Plaintiff seeks to voluntarily dismiss this lawsuit due to the Court finding the UEBTF

10  entitled to Eleventh Amendment immunity so the suit can be filed in state court, and to order the

11  entry of final judgment in favor of Defendants UEBTF and Baker.

12      **1.      Defendant Halajian**

13      Plaintiff and Defendant Halajian have stipulated to dismissal of this action without

14  prejudice to allow Plaintiff to refile the action in state court where Eleventh Amendment

15  immunity will not be at issue.   Further, Plaintiff argues that additional developments have

16  created the case or controversy that this Court found lacking.

17      At this stage in the proceedings Plaintiff and Defendant Halajian have just began to

18  conduct discovery so the effort and expense of in preparing for trial weighs in favor of dismissal

19  of this action without prejudice.

20      The order finding Defendants UEBTF and Baker to be entitled to Eleventh Amendment

21  immunity issued on July 31, 2014 and Plaintiff submits the special notice of lawsuit which was

22  served on Defendant Halajian.   (Exhibit A, ECF No. 35-2 at 5-6.)   While the notice of lawsuit

23  does not contain the date served, counsel declares that the August 27, 2014 minutes of the

24  Worker's Compensation proceeding reflect that Defendant Halajian has now been served with

25  the notice of lawsuit.   (Decl. of James P. Wagner ¶ 3, ECF No. 35-3.)   On September 2, 2014,

26  Plaintiff filed a notice of appeal with the Ninth Circuit of the order finding Defendants entitled to

27  immunity under the Eleventh Amendment.   (ECF No. 30.)   Plaintiff filed this motion for

28  voluntary dismissal on October 8, 2014.   There has been no excessive delay or lack of diligence

1  by Plaintiff in prosecuting this lawsuit.

2       Finally, the issues decided by this Court did not address the merits of the claim at issue

3  between Plaintiff and Defendant Halajian, which is whether the Worker's Compensation policy

4  requires Plaintiff to cover the injury to Mr. Ledger.  The court finds that Defendant Halajian will

5  not suffer any legal prejudice by this action being dismissed without prejudice.  Accordingly,

6  Plaintiff's motion to voluntarily dismiss the action against Defendant Halajian shall be granted.

7           **2.      Defendants UEBTF and Baker**

8       Plaintiff seeks a Rule 54(b) order that the ruling against Defendants UEBTF and Baker is

9  a final appealable order.  Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action

10  presents more than one claim for relief . . . or when multiple parties are involved, the court may

11  direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the

12  court expressly determines that there is no just reason for delay."

13      Plaintiff requests an order conditionally granting a 54(b) motion for entry of final

14  judgment in the event that Defendants file an appeal in this action.  The Court finds that such an

15  order is unnecessary under Rule 54(b).

16      In this instance, the Court has found that Defendants UEBTF and Christine Baker are

17  entitled to immunity under the Eleventh Amendment and they have been dismissed from this

18  action.  As this action is now being dismissed against the remaining defendant, the Court shall

19  order entry of final judgment for Defendants UEBTF and Baker.

20                              **IV.**

21                   **CONCLUSION AND ORDER**

22      Based on the foregoing, IT IS HEREBY ORDERED that:

23      1.      Plaintiff's motion to dismiss this action against Defendant Halajian without

24              prejudice is GRANTED;

25  ///

26  ///

27  ///

28  ///

2.      The Clerk of the Court shall enter final judgment in favor of Defendants UEBTF and Christine Baker; and

3.      The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:    __**November 10, 2014**__

                               UNITED STATES MAGISTRATE JUDGE